**Ivo NABELEK, Appellant,**

v.

**Gerald GARRETT, et al., Appellees.**

**No. 14–01–00764–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 2002.

Ivo Nabelek, Midway, for appellant.

W. Lance Cawthon, Austin, for appellees.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

**ORDER**

PER CURIAM.

This is an appeal from the dismissal of an inmate suit. On December 17, 2001, appellant filed a motion with this court requesting that we review the trial court's order sustaining the contest to his affidavit of indigence. On February 14, 2002, this court issued an order upholding the trial court's order sustaining the contest to appellant's affidavit. Appellant now asks that we reconsider our order of February 14, 2002. We grant appellant's motion, withdraw our order of February 14, 2002, and hold that the trial court abused its discretion in sustaining the contest. We further withdraw our order of February 14, 2002, requiring appellant to pay the filing fee on appeal.

Appellant timely filed his notice of appeal and an affidavit of indigence on August 13, 2001. On August 21, 2001, the Harris County District Clerk filed contests to appellant's affidavits of inability to pay costs, citing defects in appellant's affidavits of indigence under TEX.R.APP. P. 20.1(b) and under TEX. CIV. PRAC. & REM.CODE ANN.

§ 14.004. On August 27, 2001, the trial court held a hearing on the contest and, on the same date, the court signed an order sustaining the contest. On September 5, 2001, appellant filed a motion for leave to file and an amended affidavit of indigence. The District Clerk filed a contest to the amended affidavit on September 13, 2001, alleging noncompliance with section 14.004 and res judicata (because the trial court had previously sustained a contest to appellant's affidavit of indigence for trial costs). The trial court sustained the contest to the amended affidavit on October 1, 2001, solely on the ground of noncompliance with section 14.004. Appellant filed a motion to reconsider, which the trial court denied on November 21, 2001.

On December 17, 2001, appellant filed a motion with this court, which we construed to be a request that we review the trial court's order sustaining the contest to his affidavit of indigence. On December 19, 2001, appellant filed a motion for leave to file a supplemental brief in support of his motion for reconsideration of the trial court's denial of indigence status. Accordingly, we ordered the clerk and court reporter of the trial court, under Texas Rules of Appellate Procedure 34.5(c)(1) and 34.6(d), respectively, to prepare and file the portions of the record necessary to review the order sustaining the contests to appellant's affidavit of indigence. No reporter's record was taken. The partial clerk's record was filed with the clerk of this court on January 2, 2002.

On February 14, 2002, this court issued an order, upholding the trial court's order sustaining the contest. We based our ruling on a finding that appellant's affidavit was defective because the attached affidavit regarding previous lawsuits did not state the operative facts of the prior suits as required by TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon Supp.2002). Appel-

lant then filed a motion to reconsider our ruling, arguing that section 14.004 did not apply to affidavits of indigency filed for appeal.

Section 14.002 describes the scope of Chapter 14. It states that Chapter 14 "applies only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a) (Vernon Supp.2002). In *Bell v. Texas Department of Criminal Justice*, 962 S.W.2d 156 (Tex.App.-Houston [14th Dist.] 1998, writ denied), this court found that the purpose of section 14.004 was to prevent constant, duplicative, and frivolous inmate litigation. 962 S.W.2d at 158. The requirement in section 14.004 of an affidavit setting out previous lawsuits was to enable the trial court to determine if the present suit was frivolous because the inmate had previously filed a similar claim. *Id.*

We agree with appellant that the section defining the scope of the chapter makes clear that Chapter 14 does not apply to appellate courts. Furthermore, it makes little sense for the appellate court to apply the section 14.004 requirement for additional information attached to affidavits of indigency on appeal because the appellate court is not making an initial determination of frivolousness, but is merely reviewing a trial court's determination. Therefore, we find that the requirements of section 14.004 are inapplicable to affidavits of indigency filed on appeal. Because the trial court in this case sustained the contest on the ground that appellant had not complied with section 14.004, the trial court abused its discretion. Having found the order sustaining the contest cannot stand, appellant's affidavit of indigency is

effective to enable him to proceed in this appeal without advance payment of costs.