Dismissed and Opinion filed July 22, 2003













Dismissed and Opinion filed July 22, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00166-CV

____________

 

JOE GARCIA ESTRADA, JR., Appellant

 

V.

 

ANGLETON BAIL BONDS, Appellee

 



 

On
Appeal from the 113th District Court

Harris County,
Texas

Trial
Court Cause No. 02-42432

 



 

M E M O R A N D U M  O P I N I O N

On October 8, 2003, the trial court signed an order
dismissing appellant=s suit for want of prosecution.  On November 3, 2003, appellant filed a pro se
notice of appeal.[1]  An application to proceed in forma
pauperis was filed with his notice.  See
Tex. R. App. P. 20.1. 








On November 17, 2003, the Harris County District Clerk filed a
contest to the affidavit of inability to pay costs, citing both appellant=s ability to pay and his failure to
comply with Chapter 14 of the Texas Civil Practices and Remedies Code, which
governs inmate litigation.[2]  On December 2, 2003, the trial court signed
an order sustaining the Harris County District Clerk=s contest.  On December 22, 2003, appellant filed a
petition for writ of mandamus in this court. 
The petition was denied because appellant failed to comply with Texas
Rule of Appellate Procedure 52.  See
In re Joe Garcia Estrada, No. 14-03-01395-CV (Tex. App.CHouston [14th Dist.] Jan. 15, 2004,
orig. proceeding) (mem. op.).  

On December 3, 2003, appellant filed a document challenging, inter
alia, the trial court=s order sustaining the contest to his affidavit of indigence.[3]  The Texas Supreme Court has determined that,
under the amended rules of appellate procedure, an indigent party may obtain
the record pertaining to the trial court=s ruling sustaining the contest to
his affidavit of indigence and challenge that ruling as part of her appeal,
instead of by mandamus review as was done previously.  See In re Arroyo, 988 S.W.2d 737,
738-39 (Tex.
1998).  The clerk=s record pertaining to the contest of
the affidavit of indigency was filed in this court on February 24, 2004.  There is no reporter=s record.








When a contest is sustained and a review of the ruling is
sought, the question is whether an examination of the record as a whole
establishes that the trial court abused its discretion.  See Jones v. Duggan, 943 S.W.2d 90, 93
(Tex. App.CHouston [1st Dist.] 1997, orig.
proceeding).  In ruling on the merits of
the evidence at the trial court level, the test for determining entitlement to
proceed in forma pauperis is whether the preponderance of the evidence
shows that the appellant would be unable to pay the costs of appeal, if he
really wanted to and made a good faith effort to do so.  See Griffin
Indus. v. Thirteenth Court of Appeals, 934 S.W.2d 349, 351 (Tex. 1996).  To show a clear abuse of discretion, the
appellant must show that, under the circumstances of the case, the facts and
law permit the trial court to make but one decision.  See Cronen v. Smith, 812 S.W.2d 69, 70
(Tex. App.CHouston [1st Dist.] 1991, orig.
proceeding).  

To be entitled to proceed without the payment of costs, an
appellant is required to file an affidavit of indigence that complies with
Texas Rule of Appellate Procedure 20.1. 
In addition, an inmate seeking to proceed without the payment of costs
must file a certified copy of his inmate trust account showing the activity for
the preceding six months.  Tex. Civ. Prac. & Rem. Code Ann. ' ' 14.004(c), 14.006(f) (Vernon Supp. 2004). 

In its order, the trial court stated it sustained the contest
because it found appellant was able to pay the costs of appeal.  After reviewing the record of the indigency
proceedings below, we conclude appellant did not establish he was unable to pay
the costs of appeal had he truly wanted to and had he made a good faith effort
to do so.  See Griffin Indus., 934 S.W.2d
351.  The record does not establish that
the trial court could have made but one decision.  Appellant acknowledged in his affidavit that
he had received funds from family and friends during the previous year.  Appellant incorrectly stated he had no money
in a prison account.  The certified copy
of his inmate trust account reflects deposits of over $350 during the preceding
six-month period.  The trial court may
have found appellant had access to the funds necessary to prosecute his
appeal.  Accordingly, by order issued May
6, 2004, we held the trial court did not abuse its discretion in denying
appellant=s request to proceed without the
payment of costs.








Therefore, we ordered appellant to pay for the remainder of
the record in this appeal.  See Tex. R. App. P. 35.3.  The remainder of the record for this appeal
was due on or before May 28, 2004.  In
addition, we ordered appellant  to pay
the appellate filing fee in the amount of $125.00 to the clerk of this court on
or before May 21, 2004.  See Tex. R. App. P. 5.  Our order warned that if appellant failed to
timely pay the filing fee in accordance with the order, or failed to pay for
preparation of the complete clerk=s record and provide proof of payment
to this court by May 28, 2004, the appeal would be dismissed.

Appellant requested reconsideration of his pauper status,
which the Court denied. Appellant then requested an extension of time to make
payment, which this Court granted until June 14, 2004.  When the extension was granted, we noted that
no further extensions would be granted absent exceptional circumstances.

To date, the filing fee has not been paid in accordance with
our order of May 6, 2004, and appellant has not taken any steps to prosecute
his appeal.

Accordingly, the appeal is ordered dismissed.  See Tex.
R. App. P. 42.3(c).  

 

PER CURIAM

 

 

Judgment rendered and Opinion
filed July 22, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman. 

 











[1]  Appellant
filed his notice with the clerk of the Court of Appeals for the First District
of Texas, who then forwarded it to the Harris County District Clerk.  See Tex.
R. App. P. 25.1(a) (when a notice of appeal is mistakenly filed with the
appellate court, it is deemed to have been filed on the same day with the trial
court clerk).  The notice also states
appellant is seeking mandamus relief. 
Because the dismissal was a final, appealable judgement, we construe the
document as a notice of appeal only.  





[2]  Section 14.004
requires an inmate who files an affidavit or unsworn declaration of inability
to pay costs to file a separate affidavit or declaration setting information
concerning previous lawsuits.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a) (Vernon
Supp.2004).  Section 14.004(a) does not
apply to appellate courts.  Nabelek v.
Garrett 94 S.W.3d 648, 649 (Tex. App.CHouston
[14th Dist.] 2002) (order); Donalson v. Barr, 86 S.W.3d 718, 720 (Tex.
App.CHouston [1st Dist.] 2002) (order).  Although the District Clerk cited appellant=s failure to comply with section 14.004(a) as a ground
for sustaining its contest, the trial court ruled based upon appellant=s ability to pay.





[3]  Appellant also
filed a supplement to his affidavit of indigence on December 3, 2003, after the
court had sustained the contest.  The
supplement is untimely.  See Tex. R. App. P. 20.1(c)(1).