Opinion issued March 28,
2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-01020-CV

————————————

Larry Wayne Gross, Appellant

V.

Mary E. Carroll, J.P. Guyton,
Julia A. Humphrey, Kenneth Negbenebor, Timothy R. Ridgeway, and Timothy Williams, Appellees



 



 

On Appeal from County Court at Law No. 3 and Probate
Court

Brazoria County, Texas



Trial Court Case No. CI038674

 



 



O P I N I O N

 

          In
this appeal we must decide whether the filing of an appellate affidavit of
indigence by an inmate, before the trial court renders a final judgment,
implicates Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.001–.014 (West 2002) (Chapter 14).  Appellant Larry Wayne Gross challenges the
trial court’s dismissal with prejudice pursuant to Chapter 14 of his Civil
Rights Act[1]
and Americans with Disabilities Act[2]
suit against thirteen employees of the Ramsey Unit.[3]  Additionally, Gross argues that the trial
court’s rulings on three pretrial motions were error.

          We
affirm.

Background

          Proceeding
as a pro se inmate, Gross filed a civil suit alleging various causes of action
against thirteen TDCJ employees.  Among
his many allegations, Gross contended that the named employees acted with
deliberate indifference to his medical needs when they denied him necessary
medical care.  Specifically, Gross alleged
that the employees’ conduct violated the Civil
Rights Act and Americans with Disabilities Act, as well as his state and federal rights to be free from cruel or
unusual punishment.[4]  Gross further contended that, when he
attempted to have his complaints addressed through the prison grievance system,
some of the named employees attempted to prevent him from filing his grievances
and retaliated against him.

          When
Gross originally filed suit in June 2007, he paid the filing fees and court
costs, including the cost of service of process upon Timothy Williams, one of
the thirteen employees.  Ultimately, six
of the thirteen employees—Mary E. Carroll, J.P. Guyton, Julia A. Humphrey, Kenneth Negbenebor, Timothy R. Ridgeway, and Timothy Williams—appeared and
filed answers.[5]

          Over
the course of next year and a half, Gross sought discovery and filed numerous
motions seeking a wide array of relief from the court.  In February 2008, Timothy Williams filed an
amended motion to dismiss, citing Gross’s failure to satisfy Chapter 14’s
statutory requirements governing suits by inmates claiming indigence.  Gross’s response argued that Chapter 14 was
not applicable because he had paid the initial fees.  Williams’s motion was denied on February 13,
2008, although no basis for the denial was given.

          On
December 1, 2008, the trial court held a telephonic hearing to address several pending
motions,[6] including
two filed by Carroll, Guyton, and Williams seeking protective orders shielding
them from discovery.  The court also
considered Gross’s motion requesting the clerk to serve by certified mail two
of the seven employees who had not yet appeared in the case—James E. Steen and
Michell Thomas.  The motions for
protective orders were granted and Gross’s motion for service by certified mail
was denied.  On December 12, 2008, Gross
filed a notice of appeal seeking review of each of these motions and requested
findings of fact and conclusions of law.[7]

          On
January 14, 2009, Gross filed an affidavit of indigence with respect to his
appeal.[8]  In light of this newly filed motion, the
trial court reconsidered its denial of Timothy Williams’s amended motion to dismiss
and dismissed Gross’s claims with prejudice, pursuant to Chapter 14.  Gross then amended his notice of appeal to include
review of the trial court’s dismissal of his suit with prejudice.[9]

          In
nine issues, Gross argues the trial court erred in: (1) applying Chapter 14 to
the underlying case and dismissing the case; (2) reconsidering Williams’s
amended Chapter 14 motion to dismiss; (3) finding his claims to be frivolous;
(4) finding his allegation of indigence to be false; (5) finding his chance of
ultimate success slight; (6) dismissing the suit with prejudice; (7) granting
Carroll’s motion for protective order; (8) granting Williams’s and Guyton’s
motions for protective order; and (9) denying his motion requesting service by
certified mail.

Discussion

          Chapter
14 governs district, county, justice of the peace, or small claims court lawsuits
filed by an inmate who claims indigence by filing an affidavit or unsworn
declaration of an inability to pay costs.[10]  Suits that fail to comply with the Chapter’s
procedural requirements or are malicious or frivolous may be dismissed.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(West 2008); Scott v. Gallagher, 209
S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing Williams v. Brown, 33 S.W.3d 410, 412 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).

Chapter 14 Applicability

          In his first issue, Gross contends that
the trial court erred when it held Chapter 14 to be applicable to his suit because
he paid the initial filing fee and court costs. 
He further argues that because his affidavit of indigence pertains
exclusively to his appeal, Chapter 14 is inapplicable.

          The
scope of Chapter 14 states that the chapter “applies only to a suit brought by
an inmate in a district, county, justice of the peace, or small claims court in
which an affidavit or unsworn declaration of inability to pay costs is filed by
an inmate.”[11]  Because the Chapter’s applicability to the instant
case is a matter of statutory interpretation, our review is de novo.  See, e.g., City of Rockwall
v. Hughes, 246 S.W.3d 621, 625 (Tex. 2008).

          As
an inmate who filed his suit in statutory county court, Gross is subject to
Chapter 14’s strictures.  Although he paid
his initial filing fee and court costs, Gross also filed an affidavit of
indigence in the trial court in which he claimed an inability to pay costs
associated with his appeal.  The pretrial
orders Gross sought to appeal, however, were neither final nor appealable
interlocutory orders.[12]  Absent a final judgment in the case, Gross’s suit remained pending before the statutory county court
at the time he filed his affidavit.  The
plain language of the statute subjected him to Chapter 14 once he filed an affidavit
of indigence.

          Under
Gross’s construction of the statute, an inmate may circumvent Chapter 14 by
paying the initial court costs to commence the suit, then
claim indigence.  This would create a
situation in which all inmates would be a filing fee away from indigence, yet
immune from Chapter 14.  Such a result
would violate the legislative intent to improve judicial efficiency with
tailored, nonpunitive procedural rules applied to all inmate suits in which an
affidavit on indigence is filed.  See, e.g., Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936 (Tex. App.—Fort Worth
1997, pet. denied); see also Code
Construction Act, Tex. Gov’t Code Ann. § 311.023
(including consequences of particular construction among permissible aids to
statutory construction). 
Moreover, interpreting “costs” to include some, but not all, costs—which
necessarily includes the cost of service of process on all named defendants, as
well as any future costs associated with litigating the matter—would likewise
thwart legislative intent.  See Johnson v. Tex. Dep’t of Criminal Justice,
71 S.W.3d 492, 493–94 (Tex. App.—El Paso 2002, no pet.) (concluding trial
court did not abuse its discretion when it applied Chapter 14 to inmate’s suit
because trial court was justified in concluding that inmate who filed “declaration
to pay cost,” but never actually paid filing fee or service fees associated
with suit, was nonetheless attempting to proceed as indigent).

          Gross
cites to an opinion of one of our sister courts for the proposition that Chapter
14 is inapplicable to appellate courts.  Nabelek
v. Garrett, 94 S.W.3d 648 (Tex. App.—Houston [14th Dist.] 2002, pet. dism’d
w.o.j.).  Nabelek, however, not only fails to support his contention, but
also is factually distinguishable from Gross’s case.  An inmate’s affidavit on indigence is to be
accompanied by a separate affidavit or declaration detailing his pro se
litigation history, if any.[13]  In Nabelek,
the inmate filed an appellate affidavit of indigence, and the district clerk filed
a contest.[14]  Id. at 648–49.
 The trial court sustained the contest,
solely on the ground of noncompliance with section 14.004.  The court of appeals concluded that the trial
court abused its discretion when it sustained the contest on that ground because
the procedural requirements of section 14.004 are inapplicable to an appellate affidavit
of indigence.  Id. at 649.

          We
hold that the trial court properly applied Chapter 14 to Gross’s
pending suit once he filed an affidavit in the trial court indicating his
inability to pay the costs.  Issue 1 is
overruled.

Reconsideration of Dismissal Ruling

          Gross next argues that the trial
court erred when it granted Williams’s Chapter 14 motion to dismiss after
initially denying it.  The trial court’s
exercise of its discretionary power to dismiss sua sponte under Chapter 14 does
not depend on a defendant filing a motion to dismiss.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a) (West 2002) (allowing trial court to dismiss suit
before service of process); Wilson v. TDCJ-ID, 107 S.W.3d 90, 92 (Tex.
App.—Waco 2003, no pet.).

          We
overrule issue 2.[15]

Dismissal Under
Chapter 14

          We
review a dismissal under Chapter 14 for an abuse of discretion.  Scott, 209 S.W.3d at 265 (citing Clark v. J.W. Estelle
Unit, 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied)); Leachman v. Dretke, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth
2008, no pet.).  A trial court commits an
abuse of discretion if it acts without reference to guiding rules or
principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985).

          A
trial court may dismiss an inmate’s suit pursuant to Chapter 14 on any number
of grounds.  See, e.g., Tex. Civ. Prac.
& Rem. Code Ann. §§ 14.003(a)(1), (2)
(if court finds allegation of poverty is false or if claim is frivolous or
malicious), 14.005(b) (if inmate fails to file claim before 31st day after date
inmate receives written decision from grievance system) (West 2002).  An appellant must attack all independent
grounds that fully support an adverse ruling. 
See Britton v. Tex. Dep’t of Criminal Justice, 95 S.W.3d 676,
681(Tex. App.—Houston [1st Dist.] 2002, no pet.).

          In
the present case, the trial court dismissed Gross’s suit with prejudice on the
following three independent grounds: (1) his failure to meet the requirements
of section 14.005(b), (2) his allegation of indigence was false, and (3) his
chance of success was slight.  On appeal,
Gross does not challenge the trial court’s finding that he did not comply with
the requirement of section 14.005(b) that he file his claim before the 31st day
after the date he received a written decision from the grievance system.  This finding independently supports the trial
court’s dismissal under Chapter 14.  Gross
did not challenge on appeal all the grounds on which the trial court dismissed.  See Britton, 95
S.W.3d. at 682 (affirming
judgment of dismissal because plaintiff did not challenge all grounds on which dismissal
could have been based).

          We
overrule issues 3, 4, and 5.

Dismissal with Prejudice

          A
dismissal “with prejudice” precludes a party from refiling the same suit and
can bar subsequent relitigation of the same causes of action or issues between
the same parties.[16]  See Barr v. Resolution
Trust Corp.,
837 S.W.2d 627, 630–31 (Tex. 1992).  Our review of the dismissal
with prejudice must consider whether Gross could remedy any Chapter
14 compliance error with more specific pleadings; if so, then a dismissal
with
prejudice was improper.  See
Leachman v. Dretke, 261 S.W.3d 297, 306 (Tex. App.—Fort Worth 2008, no
pet.).

          Section
14.005(b) requires dismissal if the inmate fails to file the claim before the
31st day after the date the inmate receives a written decision from the grievance
system.[17] 
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(b) (West 2002).  Gross
received a final, written decision from the grievance system on May 4, 2007,
thus requiring him to file his petition by June 4, 2007.[18]  Gross’s petition was filed on June 19,
2007.  Gross made no showing that this failure
to timely file his petition was curable by filing more specific pleadings, and
he did not address the court’s finding on appeal.  Accordingly, we hold that Gross has not shown
that the trial court abused its discretion when it dismissed Gross’s claim with
prejudice.  See Leachman, 261 S.W.3d at 312; Moreland
v. Johnson, 95 S.W.3d 392, 395 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (“A suit that is not timely filed
pursuant to section 14.005(b)
is barred and may be dismissed with prejudice.”).

          We
overrule issue 6.

Orders on Pretrial Motions 

          We
need not reach issues 7, 8 and 9 (whether the trial court abused its discretion
in granting various motions for protective orders and in denying Gross’s motion
for service by certified mail), having determined that the trial court did not err
or abuse its discretion when it dismissed Gross’s suit pursuant to Chapter 14.  Issues 7, 8 and 9 are moot.




Conclusion

          W e affirm
the judgment of the trial court.

 

 

 

 

 

                                                          Jim
Sharp

                                                          Justice

 

 Panel consists of Chief Justice Radack and
Justices Bland and Sharp.











[1]        42 U.S.C. § 1983 (2009).

 





[2]        42 U.S.C. §§ 12101–12213 (2009).

 





[3]        The
Ramsey Unit is a prison that is part of the Texas Department of Criminal
Justice (TDCJ).

 





[4]        See U.S. Const. amend. VIII; Tex. Const. art. I, § 13.

 





[5]          The
remaining employees—Ljubica Campbell, Gloria Drayton,
Warren J. Hinton, Ronald C. Rivers, James E. Steen, Michell
Thomas, and James T. Williams—were neither served nor made an appearance in the
case, so they were not parties to the trial court’s final judgment and thus
cannot be appellees. 
See Showbiz Multimedia, LLC v. Mountain States Mortg.
Ctrs, Inc., 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st
Dist.] 2009, no pet.) (citing Tex. R. App. P. 3.1(c)).





[6]          In
all, the court ruled on thirteen pending motions.  Gross, however, is only challenging the
court’s rulings with respect to three of those motions: (1) Carroll’s motion
for protective order; (2) Guyton’s and Williams’s
motion for protective order; and (3) Gross’s motion for service by certified
mail.  Accordingly, we limit our
discussion to those three motions.





[7]        On
December 16, 2008, the trial court signed an order purporting to deny Gross’s
notice of appeal and instructed the clerk and court reporter to not prepare the
appellate record.  The clerk nevertheless
assigned the appeal as required by law.  See Tex.
Gov’t Code
Ann. § 22.202(h) (West 2004).

 





[8]          Tex. R. App. P. 20.1 (indigence in civil appeal).





[9]          Tex. R. App. P. 25.1(f) (amending notice of appeal), 27.2
(allowing appealed interlocutory order to be modified), 27.3 (requiring
appellate court to treat appeal as from subsequent order or judgment).





[10]         See Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West
2008).  In this opinion, we will use the
term “affidavit on indigence” to refer to either an affidavit or unsworn declaration
of an inability to pay costs under Chapter 14. 
See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.001(6) (West 2002), § 132.001(a) (West Supp. 2010) (unsworn
declaration by inmate); Tex. R. Civ. P. 145 (indigence in
civil case).  A
reference to an “affidavit of indigence” means the affidavit described in Texas
Rule of Appellate Procedure 20.1.





[11]            Tex. Civ. Prac. & Rem.
Code Ann. § 14.002(a) (West 2008).





[12]         Generally,
one may appeal only from final orders or judgments unless a statutory provision
authorizes an appeal from an interlocutory order.  See Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); see also Tex. Civ. Prac. & Rem. Code Ann.
§ 51.012 (West Supp. 2010) (allowing appeal to court of appeals from final
judgment of district or county court in civil case in which judgment or amount
in controversy exceeds $250).  To be a
final judgment for purposes of appeal, the judgment must dispose of all parties
and all issues.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  The pretrial orders Gross is attempting to
appeal—the denial of Gross’s motion for service by certified mail and the
granting of Carroll’s, Guyton’s, and Williams’s motions
for protective orders—are not final orders because they did not dispose of the Civil
Rights Act and Americans with Disabilities Act claims pending against the six
defendants.  Moreover, no other statutory
authority permits the appeal of interlocutory, pretrial orders such as these.  See, e.g., Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (West 2008) (partial list of appealable
interlocutory orders).





[13]         See Tex. Civ. Prac.
& Rem. Code Ann. § 14.004 (West 2002).

 





[14]         See Tex. R.
App. P. 20.1(b).





[15]         Gross
also argues that the trial court’s conduct violates the “law of the case”
doctrine.  This doctrine, however, only provides
that questions of law decided on appeal to a court of last resort govern the
case throughout its subsequent stages.  See
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex.
1986).  But see Briscoe v. Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003) (omitting
requirement that appeal be to court of last resort).  Because no appellate court had addressed an
issue in the case, the “law of the case” doctrine is inapplicable to the trial
court’s reconsideration of its own ruling.





[16]       The scope
of the issues that are barred from being relitigated
is affected by whether the suit was filed in district court or a limited‑jurisdiction court.  See
Tex. Civ. Prac.
& Rem. Code Ann. § 31.004(a) (West 2008); C/S Solutions, Inc. v. Energy Maint. Servs. Grp. LLC, 274 S.W.3d 299, 310 (Tex. App.—Houston [1st Dist.]
2008, no. pet.).

 





[17]       See Tex. Gov’t Code Ann. § 501.008 (West 2004) (inmate grievance system).

 





[18]       The 31st
day after May 4, 2007 was Monday, June 4, 2007. 
The rules on computation of time extended the deadline from Sunday, June
3, 2007 to Monday, June 4, 2007.  See Code Construction Act, Tex. Gov’t Code Ann. §§ 311.002
(application of Act), 311.014 (computation of time) (West 2005).