COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Gerald Allen Perry v. John B. Holmes

Appellate case number:   01-10-01072-CV

Trial court case number:  2009-62814

Trial court:                        151st District Court of Harris County

On January 3, 2011, appellant, Gerald Allen Perry, filed an affidavit of indigence in this court in the above-referenced appeal. On July 25, 2011, we referred the affidavit to the trial court. *See* TEX. R. APP. P. 20.1(c)(1), (h)(4). On July 29, 2011, the district clerk timely filed a contest to the affidavit.[1] *See* TEX. R. APP. P. 20.1(e). Therefore, the trial court was required to either conduct a hearing or sign an order extending the time to conduct the hearing by August 8,

---

[1]   In the contest, the district clerk argues that appellant failed to include all of the information required by Texas Rule of Appellate Procedure 20.1(b) and failed to file the affidavit or declaration and the certified copy of his trust account statement required by Texas Civil Practice and Remedies Code section 14.004. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 2, 1995 Tex. Gen. Laws 2921, 2922–23, *amended by* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, §§ 12.01, 12.02, 2011 Tex. Sess. Law Serv. 116, 161 (West) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002, 14.004(a), (c) (West Supp. 2011)); TEX. R. APP. P. 20.1(b). An affidavit of indigence need not, however, specifically address all the items enumerated in Rule 20.1(b), so long as it provides sufficient information to prove by a preponderance of the evidence that the party is unable to pay costs on appeal. *See In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011); *Moreno v. Perez*, 363 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Further, chapter 14 of the Civil Practice and Remedies Code was inapplicable to appellate court cases when appellant filed his affidavit of indigence. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 2, 1995 Tex. Gen. Laws 2921, 2922, *amended by* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 12.01, 2011 Tex. Sess. Law Serv. 116, 161 (West) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2011)); *Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 277 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Nabelek v. Garrett*, 94 S.W.3d 648, 649 (Tex. App.—Houston [14th Dist.] 2002, order, pet. dism'd w.o.j.).

2011. *See* TEX. R. APP. P. 20.1(i)(2). Further, to properly sustain the contest, the trial court was required to sign an order sustaining the contest within the prescribed period for the hearing. *See* TEX. R. APP. P. 20.1(i)(4). The clerk's record does not reflect that the trial court signed an order extending the period for the hearing or ruled on the contest by August 8, 2011. *See id.* Instead, the record reflects that the trial court signed both an order extending the time for holding the hearing and an order sustaining the contest on August 16, 2011—eight days after the deadline had expired. *See* TEX. R. APP. P. 20.1(i)(2). Appellant, in a document styled "Appellant's Request for Extension of Time to Perfect Appeal," challenged the trial court's ruling on the contest to his affidavit of indigence. Because the order extending the time for holding a hearing and the order sustaining the contest were signed after the 10 days had expired, the trial court was without authority to sustain the contest and abused its discretion by signing the orders. *See Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991); *In re VanDeWater*, 966 S.W.2d 730, 734 (Tex. App.—San Antonio 1998, no pet.). Accordingly, the allegations in the affidavit are deemed true, and appellant is entitled to proceed without advance payment of costs.[2] TEX. R. APP. P. 20.1(i)(4).

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs.

It is further **ORDERED** that the District Clerk file with this Court, within 30 days of the date of this order and at no cost to appellant, a clerk's record containing the items specified in Texas Rule of Appellate Procedure 34.5(a). *See* TEX. R. APP. P. 20.1(k).

Appellant's brief is **ORDERED** filed with this Court within 30 days after the date the clerk's record is filed.[3] *See* TEX. R. APP. P. 38.6(a). Appellee's brief, if any, must be filed within 30 days after the date the appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

Judge's signature: /s/ <u>Justice Jim Sharp</u>
           ☑ Acting individually    ☐ Acting for the Court

Date: July 19, 2012

---

[2]     Appellant filed an affidavit of indigence in the trial court on August 15, 2011, which the district clerk timely contested on August 22, 2011 and the trial court timely sustained on August 31, 2011. Nevertheless, because the rules only provide for one affidavit of indigence to be filed, the first affidavit filed by appellant controls the deadlines for filing and ruling on a contest. *See, e.g.*, *Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991) (holding that in case where multiple contests to affidavit of indigence are filed, filing of first contest fixes time within which trial court must rule on contests); *In re Velez-Uresti*, 361 S.W.3d 200, 206 (Tex. App.—El Paso 2012, pet. denied) (stating that rules do not contemplate sequential or successive filing of affidavits of indigence).

[3]     The court reporter informed us on August 2, 2011 that no reporter's record exists.