**Order issued January 31, 2013**



In The

# Court of Appeals
For The
# First District of Texas
————————

## NO. 01-12-00129-CV
————————

**RALPH O. DOUGLAS, Appellant**

**V.**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, UNITY NATIONAL BANK, JPMORGAN CHASE BANK, N.A., AS ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK, HONORABLE RANDY ROLL, DICK DEGUERIN, AND THE TEXAS COURT OF CRIMINAL APPEALS, Appellees**

On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2010-53065

**MEMORANDUM ORDER**

Appellant Ralph O. Douglas, an inmate, appeals an order dismissing his suit against appellees, Government Employees Insurance Company, Unity National Bank, JPMorgan Chase Bank, N.A., as Acquirer of Certain Assets and Liabilities of Washington Mutual Bank, Honorable Randy Roll, Dick Deguerin, and the Texas Court of Criminal Appeals, for failure to comply with Texas Civil Practice and Remedies Code section 11.103(b) requiring appellant, who has been declared a vexatious litigant, to obtain permission to file a lawsuit from the local administrative judge. Appellant filed a notice of appeal and an affidavit of indigence for appellate costs. Appellant challenges the trial court's order sustaining a contest to his indigence claim for appellate costs. *See In re Arroyo*, 988 S.W.2d 737, 739 (Tex. 1998).

We affirm the trial court's order.

## Standard of Review and Principles of Law

Texas Rule of Appellate Procedure 20.1 allows a party to proceed on appeal without advance payment of costs[1] if (1) the party files an affidavit of indigence in compliance with the rule, (2) the indigence claim is either not contestable, is not

---

[1]     Rule 20.1(n) defines "costs" as the filing fee and the charges for preparing the appellate record. TEX. R. APP. P. 20.1(n).

contested, or, if contested, the contest is not sustained by written order, and (3) the party timely files a notice of appeal.  *See* TEX. R. APP. P. 20.1(a)(2).[2]

Generally, the appellant must file the affidavit of indigence in the trial court "with or before the notice of appeal."  TEX. R. APP. P. 20.1(c)(1).  The affidavit must identify the party filing the affidavit, state the amount of costs the party can pay, if any, and present complete information about the party's financial condition. *See* TEX. R. APP. P. 20.1(b).

The trial court clerk, court reporter, or any interested party may file a contest to the affidavit of indigence, but must do so within 10 days after the date the affidavit is filed. TEX. R. APP. P. 20.1(e).  Within 10 days after a contest is filed, the trial court must either conduct a hearing or sign an order extending the time for the hearing no more than 20 days from the date of the order.  TEX. R. APP. P. 20.1(i)(2).

At the hearing on the contest, the appellant bears the burden to prove his indigence by a preponderance of the evidence.  *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see* TEX. R. APP. P. 20.1(g); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  If the

---

[2] Civil Practice and Remedies Code section 13.003, "Free Transcript of Statement of Facts on Appeal," also establishes requirements for the provision of an appellate record without cost to an appellant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (West 2002). Chapter 13 does not, however, apply to suits brought under Texas Civil Practice and Remedies Code Chapter 14.  *See id.* § 13.004.  As of January 1, 2012, Chapter 14 applies to an appeal brought by an inmate, in which the inmate has filed an affidavit of indigence, as here.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012).

party seeking to be declared indigent is incarcerated at the time of the hearing, as here, the affidavit must be considered evidence and is sufficient to meet the indigent party's burden to present evidence without the party attending the hearing. TEX. R. APP. P. 20.1(g)(1). The party contesting the affidavit then has the burden to offer evidence to rebut what was established. *See Griffin Indus., Inc. v. Hon. Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex. 1996). "The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins*, 257 S.W.3d at 686). Rule 20.1 is to be interpreted "liberally in favor of preserving appellate rights." *See Higgins*, 257 S.W.3d at 686.

Unless, within the period set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs. TEX. R. APP. P. 20.1(i)(4); *see C.H.C.*, 331 S.W.3d at 429; *Higgins*, 257 S.W.3d at 688. When the trial court sustains the contest to the appellant's affidavit, the appellant may obtain the record pertaining to the trial court's ruling and may challenge that ruling as part of his appeal. *See Arroyo*, 988 S.W.2d at 738–39.

4

In addition to the requirements in Rule 20.1, Texas Civil Practice and Remedies Code Chapter 14 imposes certain procedural requisites in an action brought by a pro se inmate who has filed an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012); *Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009). Chapter 14, as amended, applies to an appeal brought by an inmate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (defining scope of Chapter 14 as applying to "an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.").[3]

Section 14.004 requires an inmate who wishes to bring an action, now defined as including an appeal, without paying a filing fee, to file an affidavit or declaration identifying each suit he has previously brought, other than a suit under the Family Code, in which he was not represented by an attorney. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). For each suit, the inmate must state the operative facts for which relief was sought, set forth the case name, cause number, and the

---

[3] Prior to its amendment, effective for actions filed on or after January 1, 2012, Chapter 14 did not apply to appeals. *See e.g.*, *Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 277 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that appellant is not required to comply with section 14.004(a)(1) to appeal); *Nabelek v. Garrett*, 94 S.W.3d 648, 649 (Tex. App.—Houston [14th Dist.] 2002, pet. dism'd w.o.j.) (holding that chapter 14 does not apply to appellate courts).

court in which the suit was brought, identify each party named in the suit, and state the result of the suit. *Id.* In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim brought by the inmate that arises out of the "same operative facts." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4) (West 2002). If an inmate files an affidavit or declaration that does not comply with the requirements of Section 14.004, "the trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Section 14.006(f), requires the inmate to file a certified copy of his inmate trust account statement with the trial court. TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(f) (West 2002). The statement must "reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.*

We review the trial court's order finding that appellant is not indigent under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts

6

without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.*

## Discussion

The district clerk's record on indigence reflects that appellant filed his affidavit of indigence with his notice of appeal. *See* TEX. R. APP. P. 20.1(a)(2)(A), (c)(1). In his affidavit, appellant generally addresses the factors required by Texas Rule of Appellate Procedure 20.1(b). *See* TEX. R. APP. P. 20.1(b). Appellant attests that he is "unable to pay any of the costs or give security for this action." Appellant avers, *inter alia*, that he is an inmate; has no source of income, other than an allowance of $150 per month from his family; that he has no spousal income; owns no property or assets; has no debt or expenses; cannot obtain a loan; and that no attorney has agreed to pay or advance the costs of his appeal. The district clerk timely contested appellant's affidavit of indigence, asserting that appellant had not complied with Rule of Appellate Procedure 20.1 or Civil Practice and Remedies Code sections 14.004 or 14.006. *See* TEX. R. APP. P. 20.1(e).

We cannot conclude that the trial court abused its discretion by sustaining the district clerk's contest because appellant did not comply with the statutory requirements in Chapter 14 for proceeding on appeal without costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (defining scope of Chapter 14 as applying to an

appeal by an inmate in which an affidavit or unsworn declaration of inability to pay costs is filed). Appellant did not, in conjunction with filing his affidavit of indigence, file an affidavit or declaration identifying each suit he has previously brought, pursuant to section 14.004. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. Because appellant has been declared a vexatious litigant, we cannot presume that no other suits exist. In addition, nothing before us reflects that appellant filed a certified copy of his inmate trust account with his affidavit of indigence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006.

Accordingly we hold that the district court did not abuse its discretion in sustaining the district clerk's contest to appellant's affidavit of indigence, in which the district clerk complained that appellant had not complied with the statutory requirements in sections 14.004 and 14.006. *See Arevalo*, 983 S.W.2d at 805.

Because appellant has not established indigence, we **ORDER** that, unless appellant pays the filing fee for this appeal within **10 days** from the date of this order, the appeal will be dismissed. *See* TEX. R. APP. P. 5, 42.3(b), (c). In addition, unless appellant files in this Court, no later than **30 days** from the date of this order, proof that he has paid, or has made arrangements to pay, the fee for preparing the clerk's record, the appeal will be dismissed. *See* TEX. R. APP. P. 37.3, 42.3(b), (c).

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

8