Larry Wayne GROSS, Appellant,

v.

Mary E. CARROLL, J.P. Guyton, Julia A. Humphrey, Kenneth Negbenebor, Timothy R. Ridgeway, and Timothy Williams, Appellees.

No. 01–08–01020–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 28, 2011.

Larry Wayne Gross, Rosharon, TX, for Appellant.

Nadine Felicia Phillpotts, Assistant Attorney General of Texas, Austin, TX, for Appellees.

Panel consists of Chief Justice RADACK and Justices BLAND and SHARP.

## OPINION

JIM SHARP, Justice.

In this appeal we must decide whether the filing of an appellate affidavit of indigence by an inmate, before the trial court renders a final judgment, implicates TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–014 (West 2002) (Chapter 14). Appellant Larry Wayne Gross challenges the trial court's dismissal with prejudice pursuant to Chapter 14 of his Civil Rights Act[1] and Americans with Disabilities Act[2] suit against thirteen employees of the Ramsey Unit.[3] Additionally, Gross argues that the trial court's rulings on three pretrial motions were error.

We affirm.

### Background

Proceeding as a pro se inmate, Gross filed a civil suit alleging various causes of action against thirteen TDCJ employees. Among his many allegations, Gross contended that the named employees acted with deliberate indifference to his medical needs when they denied him necessary medical care. Specifically, Gross alleged that the employees' conduct violated the

---

1. 42 U.S.C. § 1983(2009).

2. 42 U.S.C. §§ 12101–12213 (2009).

3. The Ramsey Unit is a prison that is part of the Texas Department of Criminal Justice (TDCJ).

Civil Rights Act and Americans with Disabilities Act, as well as his state and federal rights to be free from cruel or unusual punishment.[4] Gross further contended that, when he attempted to have his complaints addressed through the prison grievance system, some of the named employees attempted to prevent him from filing his grievances and retaliated against him.

When Gross originally filed suit in June 2007, he paid the filing fees and court costs, including the cost of service of process upon Timothy Williams, one of the thirteen employees. Ultimately, six of the thirteen employees—Mary E. Carroll, J.P. Guyton, Julia A. Humphrey, Kenneth Negbenebor, Timothy R. Ridgeway, and Timothy Williams—appeared and filed answers.[5]

Over the course of next year and a half, Gross sought discovery and filed numerous motions seeking a wide array of relief from the court. In February 2008, Timothy Williams filed an amended motion to dismiss, citing Gross's failure to satisfy Chapter 14's statutory requirements governing suits by inmates claiming indigence. Gross's response argued that Chapter 14 was not applicable because he had paid the initial fees. Williams's motion was denied

on February 13, 2008, although no basis for the denial was given.

On December 1, 2008, the trial court held a telephonic hearing to address several pending motions,[6] including two filed by Carroll, Guyton, and Williams seeking protective orders shielding them from discovery. The court also considered Gross's motion requesting the clerk to serve by certified mail two of the seven employees who had not yet appeared in the case—James E. Steen and Michell Thomas. The motions for protective orders were granted and Gross's motion for service by certified mail was denied. On December 12, 2008, Gross filed a notice of appeal seeking review of each of these motions and requested findings of fact and conclusions of law.[7]

On January 14, 2009, Gross filed an affidavit of indigence with respect to his appeal.[8] In light of this newly filed motion, the trial court reconsidered its denial of Timothy Williams's amended motion to dismiss and dismissed Gross's claims with prejudice, pursuant to Chapter 14. Gross then amended his notice of appeal to include review of the trial court's dismissal of his suit with prejudice.[9]

In nine issues, Gross argues the trial court erred in: (1) applying Chapter 14 to the underlying case and dismissing the

---

4. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13.

5. The remaining employees—Ljubica Campbell, Gloria Drayton, Warren J. Hinton, Ronald C. Rivers, James E. Steen, Michell Thomas, and James T. Williams—were neither served nor made an appearance in the case, so they were not parties to the trial court's final judgment and thus cannot be appellees. *See Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n. 3 (Tex.App.-Houston [1st Dist.] 2009, no pet.) (citing Tex.R.App. P. 3.1(c)).

6. In all, the court ruled on thirteen pending motions. Gross, however, is only challenging the court's rulings with respect to three of those motions: (1) Carroll's motion for pro-

tective order; (2) Guyton's and Williams's motion for protective order; and (3) Gross's motion for service by certified mail. Accordingly, we limit our discussion to those three motions.

7. On December 16, 2008, the trial court signed an order purporting to deny Gross's notice of appeal and instructed the clerk and court reporter to not prepare the appellate record. The clerk nevertheless assigned the appeal as required by law. *See* Tex. Gov't Code Ann. § 22.202(h) (West 2004).

8. Tex.R.App. P. 20.1 (indigence in civil appeal).

9. Tex.R.App. P. 25.1(f) (amending notice of appeal), 27.2 (allowing appealed interlocutory order to be modified), 27.3 (requiring appel-

case; (2) reconsidering Williams's amended Chapter 14 motion to dismiss; (3) finding his claims to be frivolous; (4) finding his allegation of indigence to be false; (5) finding his chance of ultimate success slight; (6) dismissing the suit with prejudice; (7) granting Carroll's motion for protective order; (8) granting Williams's and Guyton's motions for protective order; and (9) denying his motion requesting service by certified mail.

## Discussion

Chapter 14 governs district, county, justice of the peace, or small claims court lawsuits filed by an inmate who claims indigence by filing an affidavit or unsworn declaration of an inability to pay costs.[10] Suits that fail to comply with the Chapter's procedural requirements or are malicious or frivolous may be dismissed. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (West 2008); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (citing *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex.App.-Houston [1st Dist.] 2000, no pet.)).

### *Chapter 14 Applicability*

██ In his first issue, Gross contends that the trial court erred when it held

Chapter 14 to be applicable to his suit because he paid the initial filing fee and court costs. He further argues that because his affidavit of indigence pertains exclusively to his appeal, Chapter 14 is inapplicable.

The scope of Chapter 14 states that the chapter "applies only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by an inmate."[11] Because the Chapter's applicability to the instant case is a matter of statutory interpretation, our review is de novo. *See, e.g., City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex.2008).

██ As an inmate who filed his suit in statutory county court, Gross is subject to Chapter 14's strictures. Although he paid his initial filing fee and court costs, Gross also filed an affidavit of indigence in the trial court in which he claimed an inability to pay costs associated with his appeal. The pretrial orders Gross sought to appeal, however, were neither final nor appealable interlocutory orders.[12] Absent a final judgment in the case, Gross's suit remained pending before the statutory

late court to treat appeal as from subsequent order or judgment).

10. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a) (West 2008). In this opinion, we will use the term "affidavit on indigence" to refer to either an affidavit or unsworn declaration of an inability to pay costs under Chapter 14. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.001(6) (West 2002), § 132.001(a) (West Supp.2010) (unsworn declaration by inmate); TEX.R. CIV. P. 145 (indigence in civil case). A reference to an "affidavit of indigence" means the affidavit described in Texas Rule of Appellate Procedure 20.1.

11. TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a) (West 2008).

12. Generally, one may appeal only from final orders or judgments unless a statutory provi-

sion authorizes an appeal from an interlocutory order. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (West Supp.2010) (allowing appeal to court of appeals from final judgment of district or county court in civil case in which judgment or amount in controversy exceeds $250). To be a final judgment for purposes of appeal, the judgment must dispose of all parties and all issues. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). The pretrial orders Gross is attempting to appeal—the denial of Gross's motion for service by certified mail and the granting of Carroll's, Guyton's, and Williams's motions for protective orders—are not final orders because they did not dispose of the Civil Rights Act and Americans with Disabilities Act claims pending against the six defendants. Moreover, no other statutory authority permits the appeal of interlocutory,

county court at the time he filed his affidavit. The plain language of the statute subjected him to Chapter 14 once he filed an affidavit of indigence.

■ Under Gross's construction of the statute, an inmate may circumvent Chapter 14 by paying the initial court costs to commence the suit, then claim indigence. This would create a situation in which all inmates would be a filing fee away from indigence, yet immune from Chapter 14. Such a result would violate the legislative intent to improve judicial efficiency with tailored, nonpunitive procedural rules applied to all inmate suits in which an affidavit on indigence is filed. *See, e.g., Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936 (Tex.App.-Fort Worth 1997, pet. denied); *see also* Code Construction Act, Tex. Gov't Code Ann. § 311.023 (including consequences of particular construction among permissible aids to statutory construction). Moreover, interpreting "costs" to include some, but not all, costs—which necessarily includes the cost of service of process on all named defendants, as well as any future costs associated with litigating the matter—would likewise thwart legislative intent. *See Johnson v. Tex. Dep't of Criminal Justice*, 71 S.W.3d 492, 493–94 (Tex. App.-El Paso 2002, no pet.) (concluding trial court did not abuse its discretion when it applied Chapter 14 to inmate's suit because trial court was justified in concluding that inmate who filed "declaration to pay cost," but never actually paid filing fee or service fees associated with suit, was nonetheless attempting to proceed as indigent).

Gross cites to an opinion of one of our sister courts for the proposition that

Chapter 14 is inapplicable to appellate courts. *Nabelek v. Garrett*, 94 S.W.3d 648 (Tex.App.-Houston [14th Dist.] 2002, pet. dism'd w.o.j.). *Nabelek*, however, not only fails to support his contention, but also is factually distinguishable from Gross's case. An inmate's affidavit on indigence is to be accompanied by a separate affidavit or declaration detailing his pro se litigation history, if any.[13] In *Nabelek*, the inmate filed an appellate affidavit of indigence, and the district clerk filed a contest.[14] *Id.* at 648–49. The trial court sustained the contest, solely on the ground of noncompliance with section 14.004. The court of appeals concluded that the trial court abused its discretion when it sustained the contest on that ground because the procedural requirements of section 14.004 are inapplicable to an appellate affidavit of indigence. *Id.* at 649.

We hold that the trial court properly applied Chapter 14 to Gross's pending suit once he filed an affidavit in the trial court indicating his inability to pay the costs. Issue 1 is overruled.

### Reconsideration of Dismissal Ruling

■ Gross next argues that the trial court erred when it granted Williams's Chapter 14 motion to dismiss after initially denying it. The trial court's exercise of its discretionary power to dismiss sua sponte under Chapter 14 does not depend on a defendant filing a motion to dismiss. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.003(a) (West 2002) (allowing trial court to dismiss suit before service of process); *Wilson v. TDCJ–ID*, 107 S.W.3d 90, 92 (Tex.App.-Waco 2003, no pet.).

■ We overrule issue 2.[15]

---

13. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.004 (West 2002).

14. *See* Tex.R.App. P. 20.1(b).

15. also argues that the trial court's conduct violates the "law of the case" doctrine. This doctrine, however, only provides that questions of law decided on appeal to a court of

pretrial orders such as these. *See, e.g.,* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (West 2008) (partial list of appealable interlocutory orders).

### Dismissal Under Chapter 14

■ We review a dismissal under Chapter 14 for an abuse of discretion. *Scott,* 209 S.W.3d at 265 (citing *Clark v. J.W. Estelle Unit,* 23 S.W.3d 420, 421 (Tex.App.-Houston [1st Dist.] 2000, pet. denied)); *Leachman v. Dretke,* 261 S.W.3d 297, 303 (Tex. App.-Fort Worth 2008, no pet.). A trial court commits an abuse of discretion if it acts without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

■ A trial court may dismiss an inmate's suit pursuant to Chapter 14 on any number of grounds. *See, e.g.,* Tex. Civ. Prac. & Rem.Code Ann. §§ 14.003(a)(1), (2) (if court finds allegation of poverty is false or if claim is frivolous or malicious), 14.005(b) (if inmate fails to file claim before 31st day after date inmate receives written decision from grievance system) (West 2002). An appellant must attack all independent grounds that fully support an adverse ruling. *See Britton v. Tex. Dep't of Criminal Justice,* 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

In the present case, the trial court dismissed Gross's suit with prejudice on the following three independent grounds: (1) his failure to meet the requirements of section 14.005(b), (2) his allegation of indigence was false, and (3) his chance of success was slight. On appeal, Gross does not challenge the trial court's finding that he did not comply with the requirement of section 14.005(b) that he file his claim before the 31st day after the date he received a written decision from the grievance system. This finding independently supports the trial court's dismissal under Chapter 14. Gross did not challenge on appeal all the grounds on which the trial court dismissed. *See Britton,* 95 S.W.3d. at 682 (affirming judgment of dismissal because plaintiff did not challenge all grounds on which dismissal could have been based).

We overrule issues 3, 4, and 5.

### Dismissal with Prejudice

■ A dismissal "with prejudice" precludes a party from refiling the same suit and can bar subsequent relitigation of the same causes of action or issues between the same parties.[16] *See Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630–31 (Tex.1992). Our review of the dismissal with prejudice must consider whether Gross could remedy any Chapter 14 compliance error with more specific pleadings; if so, then a dismissal with prejudice was improper. *See Leachman v. Dretke,* 261 S.W.3d 297, 306 (Tex.App.-Fort Worth 2008, no pet.).

Section 14.005(b) requires dismissal if the inmate fails to file the claim before the 31st day after the date the inmate receives a written decision from the grievance system.[17] Tex. Civ. Prac. & Rem.Code Ann. § 14.005(b) (West 2002). Gross received a final, written decision from the grievance system on May 4, 2007, thus requiring him

---

last resort govern the case throughout its subsequent stages. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). *But see Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex. 2003) (omitting requirement that appeal be to court of last resort). Because no appellate court had addressed an issue in the case, the "law of the case" doctrine is inapplicable to the trial court's reconsideration of its own ruling.

16. The scope of the issues that are barred from being relitigated is affected by whether the suit was filed in district court or a limited-jurisdiction court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.004(a) (West 2008); *C/S Solutions, Inc. v. Energy Maint. Servs. Grp. LLC,* 274 S.W.3d 299, 310 (Tex.App.-Houston [1st Dist.] 2008, no pet.).

17. *See* Tex. Gov't Code Ann. § 501.008 (West 2004) (inmate grievance system).

to file his petition by June 4, 2007.[18] Gross's petition was filed on June 19, 2007. Gross made no showing that this failure to timely file his petition was curable by filing more specific pleadings, and he did not address the court's finding on appeal. Accordingly, we hold that Gross has not shown that the trial court abused its discretion when it dismissed Gross's claim with prejudice. *See Leachman,* 261 S.W.3d at 312; *Moreland v. Johnson,* 95 S.W.3d 392, 395 (Tex.App.-Houston [1st Dist.] 2002, no pet.) ("A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice.").

We overrule issue 6.

### Orders on Pretrial Motions

We need not reach issues 7, 8 and 9 (whether the trial court abused its discretion in granting various motions for protective orders and in denying Gross's motion for service by certified mail), having determined that the trial court did not err or abuse its discretion when it dismissed Gross's suit pursuant to Chapter 14. Issues 7, 8 and 9 are moot.

### Conclusion

We affirm the judgment of the trial court.

---

18. The 31st day after May 4, 2007 was Monday, June 4, 2007. The rules on computation of time extended the deadline from Sunday, June 3, 2007 to Monday, June 4, 2007. *See* Code Construction Act, Tex. Gov't Code Ann. §§ 311.002 (application of Act), 311.014 (computation of time) (West 2005).