Opinion issued
October 6, 2011.



In The

 

Court of Appeals

 

For The

 

First District of Texas

————————————

 

NO.
01-10-00572-CV

 

———————————

 

Abner
l. washington Appellant

 

V.

 

SCHAMARIAN
LAND, GLENN HOPSON, CODY GINSEL AND DEBORAH HURLEY, Appellees



 



 

 

On Appeal
from 1-A District Court

Tyler County,
Texas



Trial Court Case No. 21,623

 



 

 

 

MEMORANDUM OPINION

          Abner
Washington challenges the trial court’s order dismissing his suit for trover
and conversion against Schamarian Land, Glenn Hopson, Cody Ginsel, and Deborah
Hurley.  The trial court granted the
defendant’s Chapter 14 motion to dismiss with prejudice.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–14.014 (West 2002).  Washington claims the trial court abused its
discretion in granting the motion to dismiss his case with prejudice without
deciding the case on the merits and dismissing the case without giving him the
chance to amend or supplement his pleadings in response to the motion to
dismiss.  We affirm the trial court’s
dismissal.

Background

          Washington is
an inmate with the Texas Department of Criminal Justice – Institutional
Division, Gib Lewis Unit, Woodville, Texas. 
On September 20, 2009, Corrections Officer Land, while performing a
property inventory in Washington’s cell, confiscated eight personal books as
contraband because they were not inscribed with Washington’s name and TDCJ
prisoner number.  Land gave Washington a
confiscation receipt which Washington is now unable to locate.  On October 11, 2009, several days after the
15-day window in which to file a grievance for the confiscation had passed, Washington
attempted to recover the books from the property officer but they were not
located in the property room.  

          On October
19, 2009, 29 days after his books were confiscated, Washington filed a Step 1 offender
grievance form against Land, requesting either that the books be returned or he
be compensated for their value.  The Step
1 grievance was returned to Washington on December 31, 2009.  Washington filed his Step 2 grievance on
January 11, 2010 and repeated his allegations against Land and included
complaints against Hopson and Hurley.  Washington’s
Step 2 grievance was signed by prison officials January 28, 2010, and returned
to him on February 19, 2010.  

          Washington
filed his original petition with the trial court on February 26, 2010, asserting
claims of trover and conversion.  Appellees
filed a motion to dismiss on May 13, 2010. 
The motion to dismiss asserted that Washington’s claims were frivolous
or malicious, he failed to satisfy the statute’s requirement to file an affidavit
detailing his pro se lawsuit history, and he failed to exhaust administrative
remedies.  On May 19, 2010 Washington
filed a motion for leave to amend his pleadings to include an affidavit
required by section 14.005 of the Texas Civil Practices and Remedies Code and
his affidavit regarding previous suits.  On
May 28, 2010, the trial court granted the motion to dismiss without specifying
its rationale.  Washington appeals.

 

 

Standard of Review 

      Chapter 14 governs district, county,
justice of the peace, or small claims court lawsuits filed by an inmate who
claims indigence by filing an affidavit or unsworn declaration of an inability
to pay costs.  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West 2002).  The trial court may dismiss a claim, either
before or after service of process, on any number of grounds.  Id.
at § 14.003(a).  We review a
dismissal under Chapter 14 for an abuse of discretion.  Gross
v. Carroll, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.); see Clark v. J.W. Estelle
Unit, 23 S.W.3d 420, 421
(Tex. App.—Houston [1st Dist.] 2000, pet. denied).  A trial court abuses its discretion
if it acts without reference to guiding rules or principles.  Gross,
339 S.W.3d at 23.

Failure to Exhaust Administrative Remedies

     The
legislature mandates that the Texas Department of Criminal Justice develop and
maintain an inmate grievance system. Tex.
Gov’t Code Ann. § 501.008(a) (West 2005). The administrative
grievance process established by the department begins with an informal attempt
to resolve the problem.  It is undisputed
that the prison grievance system requires inmates to formally submit a Step 1
grievance within 15 days of the grievable event.  See
Hamilton v. Williams 298 S.W. 3d 334,
341 (Tex. App.—Fort Worth
2009, pet. denied.).  Here, Washington’s
books were confiscated on September 20, 2009, which would make his Step 1
grievance concerning the actions of Land due to the Unit Grievance Investigator
by October 5, 2009.  Although Washington concedes
that his books were confiscated from his cell on September 20, he also contends
that the 15 day window to submit a grievance instead began on October 11, the
day he first spoke to Ms. Bryant, the property officer, about returning his
books.  We reject Washington’s assessment
because his complaints stem from the September 20 confiscation by Land, not from
any actions of Ms. Bryant.  By the time Washington
submitted his Step 1 grievance, 29 days from the time of the grievable event
had passed.  

By not timely filing his initial
Step 1 grievance Washington failed to follow the rules for prisoner grievances
and therefore did not exhaust his administrative remedies before filing
suit.  Leachman v. Dretke, 261 S.W.3d 297, 311-312 (Tex. App.—Fort Worth
2008, no pet.) (trial court did not err in dismissing claims as frivolous where
inmate did not file Step 1 grievance within 15 day window); see also Pozo v. McCaughtry, 286 F.3d
1022, 1023 (7th Cir. 2002) (“[U]nless the prisoner completes the administrative
process by following the rules the state has established for that process,
exhaustion has not occurred.”); see also
Whirty v. Grimes, No. 07-08-0394-CV,
2009 WL 996987 at *3 (Tex. App.—Amarillo) Apr.14, 2009, pet. denied) (mem. op) (trial court did not abuse its
discretion in dismissing a claim because the prisoner failed to comply with
grievance procedure) Because the time frame of the 15 day window to properly
file the Step 1 grievance could not be remedied, the trial court correctly
dismissed this case with prejudice.  Leachman,
261 S.W.3d at 311–12
(inmate who failed to submit his Step 1 Grievance in the required time frame
did not properly exhaust administrative remedies and because the window to file
had closed, dismissal with prejudice was proper).  We overrule Washington’s first issue.  

Because we may affirm if dismissal
was proper under any correct theory of law, we need not address Washington’s
second issue.  Tex. R. App. P. 47.1

Conclusion

We affirm the
judgment of the trial court.

 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Radack, Bland, and Huddle.