

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00186-CV

FREDRICK DEONE GOODEN                              APPELLANT

V.

BRETT C. KLUMPP, CHARLES                            APPELLEES
HORSLEY, ROBERT D. STIVERS,
AND T.D.C.J.-CID

----------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
## TRIAL COURT NO. 179,717-B

----------

## MEMORANDUM OPINION[1]

----------

In nine issues, appellant Fredrick Deone Gooden, a pro se inmate, appeals the trial court's dismissal of his lawsuit for failure to comply with procedural requirements in chapter 14 of the civil practice and remedies code.  *See* Tex.

---

[1]*See* Tex. R. App. P. 47.4.

Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (West 2002 & Supp. 2014). We affirm.

**Background Facts**

Appellant is incarcerated. He sued employees at the penitentiary where he resides—appellees Brett C. Klumpp, Charles Horsley, and Robert D. Stivers—and the Texas Department of Criminal Justice (TDCJ). Appellant sued the employees in their individual and official capacities.

Specifically, appellant claimed that Klumpp, acting with malice, confiscated fifty or more of appellant's exotic model photo catalogs, destroyed them with water under a spigot, and threw them in the trash. Appellant alleged that after he confronted Klumpp about this misbehavior, Klumpp said that he would fabricate a disciplinary report regarding appellant. According to appellant, Klumpp later issued "confiscation papers" that did not detail what was confiscated. Appellant alleged that Klumpp wrote "refused to sign" on the papers because appellant pointed out that they did not include details about the confiscated catalogs.

Appellant filed grievances following the alleged destruction of his property. He claimed that Horsley and Stivers failed to properly investigate his grievances and instead conspired with Klumpp to cover up the destruction of the catalogs. TDCJ officials took no action on the grievances.

Appellant filed suit in September 2013 for the destruction of his property and the denial of constitutional and statutory rights. He requested a declaration that appellees had violated his rights and asked for damages of $2,500 ($50 for

each of 50 catalogs).[2]  With the petition, appellant filed an affidavit of his inability to pay costs and a request to proceed *in forma pauperis*, stating that he had no money or income.  He also filed an "Affidavit of Previous Suits Filed," in which he listed four other lawsuits.

The individual appellees filed an answer in which they generally denied appellant's claims, asserted various immunities, and pled several affirmative defenses, including "assert[ing] their claims to all . . . limitations . . . contained in" chapter 14.  Later, the individual appellees filed a motion to dismiss pursuant to chapter 14, alleging that appellant had failed to comply with certain procedural requirements and that his suit had no arguable legal basis.  The trial court dismissed appellant's claims, finding, in part, that his affidavit of previous suits did not comply with chapter 14's requirements.  This appeal followed.

### No Abuse of Discretion for Dismissal

In appellant's fifth issue, he argues that the trial court erred by dismissing his suit for failure to comply with section 14.004(a)(2)(A) of the civil practice and remedies code.  We review a trial court's dismissal under chapter 14 for an abuse of discretion.  *Garrett v. Williams*, 250 S.W.3d 154, 158 (Tex. App.—Fort Worth 2008, no pet).  A trial court abuses its discretion if the court acts without reference to guiding rules or principles, that is, if the act is arbitrary or unreasonable.  *Id.*  The legislature enacted chapter 14 to prevent inmates from

---

[2]Appellant alleged that TDCJ was vicariously liabile for Klumpp's acts.

3

filing frivolous lawsuits. *See Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). Thus, one purpose of chapter 14 is to help courts determine whether inmates' claims are frivolous. *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 941 (Tex. App.—Fort Worth 1997, pet. denied).

Chapter 14 applies when, as here, an inmate files a lawsuit and also files an affidavit or unsworn declaration of an inability to pay costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a). Under section 14.004, such an inmate must file an affidavit detailing, among other facts, any pro se lawsuits the inmate has filed in the past. *Id.* § 14.004(a)–(b). The affidavit must state the "operative facts for which relief was sought" in the previous lawsuits. *Id.* § 14.004(a)(2)(A). If an inmate does not comply with the affidavit requirements of section 14.004, the trial court may assume that the suit is substantially similar to the inmate's previous lawsuits, therefore making it frivolous, and may dismiss the suit. *See id.* §§ 14.003(a)(2), (b)(4), .004(a); *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 858 (Tex. App.—Dallas 2008, no pet.); *Bell v. Tex. Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *see also Brager v. James*, No. 02-13-00130-CV, 2014 WL 584795, at \*2 (Tex. App.—Fort Worth Feb. 13, 2014, no pet.) (mem. op.) ("The noncompliance of Brager's previous-filing affidavits is a sufficient, independent basis to support dismissal of his claims.").

In *Bell*, our sister court held that dismissal of Bell's suit was proper because his "affidavit relating to previous filings was inadequate." 962 S.W.2d at 158. There, the trial court dismissed the suit as frivolous. *Id.* On appeal, the court held that Bell's affidavit was insufficient to meet the requirements of section 14.004 because he did not state the operative facts or the parties involved in the previously-filed lawsuits. *Id.* Without the required information, the trial court could not determine if his claim was "substantially similar to a previous claim," so dismissal was appropriate. *Id.*

Similarly, in *Bishop*, we held that the trial court did not abuse its discretion by dismissing Bishop's suit under sections 14.003 and 14.004 because he failed to list all the parties he had sued and the operative facts in all of his previously-filed claims. 131 S.W.3d at 575–76. There, Bishop did not follow the procedural rules for twelve of the twenty-one lawsuits listed in his affidavit. *Id.* at 575. For example, he did not include the complete disposition—"dismissed as frivolous and malicious"—for one of the suits but instead listed the disposition as "dismissed." *Id.* The appellees argued that Bishop's claims fell into a pattern of frivolous filings. *Id.* We agreed with the trial court's finding that Bishop had failed to comply with the requirements of chapter 14 and affirmed the trial court's dismissal. *Id.* at 576.

Here, appellant failed to follow chapter 14's procedural rules because he did not provide the operative facts from his previous pro se filings. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(A). In his "Affidavit of Previous Suits

5

Filed," appellant described his prior lawsuits as "[1)] exercise of religion/discrimination; [2)] exercise of religion/discrimination; 3) various civil rights (prisoners) violations; [and] 4) deprivation of personal property."[3] Like *Bishop* and *Bell*, where the inmates did not include facts from past pro se lawsuits in their affidavits, the trial court here could not determine if appellant's current suit was substantially similar to any of his previous suits because the operative facts of the prior claims were not provided in the chapter 14 affidavit. *See Bishop*, 131 S.W.3d at 576; *Bell*, 962 S.W.2d at 158; *see also White v. State*, 37 S.W.3d 562, 564–65 (Tex. App.—Beaumont 2001, no pet.) (holding that White's description of the operative facts was, in effect, a designation of legal theories and that the trial court could not determine if the previous lawsuits were similar to the current one without the operative facts).

After reviewing the complete record, we hold that the trial court did not abuse its discretion by dismissing appellant's suit because he failed to list the operative facts of his prior pro se lawsuits, and we overrule his fifth issue.[4] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003(a)(2), (b)(4), .004(a)(2)(A); *Williams*

---

[3]Appellant succinctly argues on appeal that these phrases "clearly [gave] the description of lawsuits."

[4]We recognize that appellees did not seek dismissal on this basis or even cite section 14.004 in their motion to dismiss. But a trial court may dismiss a suit on its own accord, without providing for a hearing and even before service of process, for an inmate's failure to comply with chapter 14's requirements. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(4); *Gross v. Carroll*, 339 S.W.3d 718, 722 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied).

*v. Tex. Dep't. of Criminal Justice-Institutional Div.*, 176 S.W.3d 590, 593–94 (Tex. App.—Tyler 2005, pet. denied) (holding that the trial court did not abuse its discretion by dismissing Williams's suit because the classification of his previous lawsuits as "retaliatory conspiracy," "denial of religious practice," and "filing of false disciplinary cases," to name a few, did not provide the trial court with adequate information to determine whether the suit was substantially similar to previous lawsuits); *see also Morris v. Flores*, No. 13-11-00675-CV, 2012 WL 3043097, at *2 (Tex. App.—Corpus Christi July 26, 2012, pet. denied) (mem. op.) (holding similarly). Because we have determined that the trial court did not abuse its discretion by dismissing appellant's suit for this reason, we need not address his remaining issues, which concern alternate grounds for dismissal.[5] *See* Tex. R. App. P. 47.1; *Donaldson v. Tex. Dep't of Criminal Justice-Corr. Insts. Div.*, 355 S.W.3d 722, 726–27 (Tex. App.—Tyler 2011, pet. denied); *Garrett*, 250 S.W.3d at 160 n.4.

---

[5]We note that in his ninth issue, appellant concisely contends that the trial court improperly held him to the "same strict standards as that of a . . . schooled lawyer." Chapter 14, however, does not apply to lawyers but to pro se inmates like appellant. We reject appellant's argument.

## Conclusion

Having overruled appellant's fifth issue and having therefore concluded that the trial court did not abuse its discretion by dismissing appellant's suit, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  January 29, 2015