

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00089-CV

_____

CHARLES ELLIS SHIRLEY, Appellant

V.

WARDEN TOVI BUTCHER AND THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellees

_____

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-16-42887

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Charles Ellis Shirley filed suit against Tovi Butcher, Warden of the Choice Moore Unit, and the Texas Department of Criminal Justice (the Department), complaining that he has been subjected to cruel and unusual punishment by them serving only two meals on the weekends, rather than three. Shirley also alleged that this action violated his civil rights and equal protection and constituted a tort. He prayed for a temporary injunction and money damages. To the original petition, Shirley attached an unsworn declaration of inability to pay costs. He did not, however, file an affidavit relating to previous filings or a certified copy of his inmate's trust account, as required by law.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004, 14.006(f) (West 2017).

After Butcher and the Department filed a motion to dismiss, the trial court dismissed Shirley's suit as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. On appeal, Shirley asserts that the trial court erred in dismissing his appeal because (1) he had stated a claim under the Eighth Amendment to the United States Constitution and (2) Butcher does not have sovereign immunity.[2] We affirm the trial court's judgment.

---

[1]Shirley also did not file these required documents with his appeal to this Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2017). We provided Shirley notice of this deficiency and provided him an opportunity to cure this defect. *See McLean v. Livingston*, 486 S.W.3d 561, 561–62 (Tex. 2016) (per curiam); *Frey v. Foster*, No. 06-13-00086-CV, 2014 WL 1004494, at *2–3 (Tex. App.—Texarkana Mar. 14, 2014, pet. denied) (mem. op.), *cert. denied*, 135 S. Ct. 1502 (2015). Shirley subsequently provided an unsworn declaration of previous filings and a certified copy of his inmate's trust account, neither of which substantially complied with Sections 14.004 and 14.006(f).

[2]Although Shirley also asserted a third point of error, we are unable to decipher from his point of error and argument the basis of his complaint. An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record." TEX. R. APP. P. 38.1(i); *In re Estate of Curtis*, 465 S.W.3d 357, 379 (Tex. App.—Texarkana 2015, pet. dism'd). "Bare assertions of error, without argument or authority, waive error." *Curtis*, 465 S.W.3d at 379 (quoting *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.)). Here, Shirley neither clearly states his contention regarding any error committed by the trial court, nor provides a clear argument with appropriate citations to authority. Therefore, this point of error is waived.

A dismissal under Chapter 14 of the Texas Civil Practice and Remedies Code is reviewed for abuse of discretion. *Frey*, 2014 WL 1004494, at \*2–3. The trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

While Chapter 14 does not apply to an action under the Texas Family Code, the chapter applies to any other action, "including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court . . . in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). Section 14.003 allows a court to dismiss an inmate's action if the claims asserted are frivolous or malicious. *Frey*, 2014 WL 1004494, at \*2 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2017)). To determine whether a claim is frivolous, the court may consider, *inter alia*, whether "(2) the claim has no arguable basis in law or in fact; . . . [or] (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2), (4) (West 2017). To assist a court in determining whether a suit is substantially similar to a previous claim, Chapter 14 requires the inmate to file an affidavit or unsworn declaration relating to previous actions filed by the inmate. *Frey*, 2014 WL 1004494, at \*2; *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004.

3

Section 14.004 of the Texas Civil Practice and Remedies Code requires the inmate to file an affidavit or unsworn declaration identifying each action previously brought by the inmate in which he or she was not represented by an attorney. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1). As to each prior action, the affidavit or declaration must specify the operative facts, style of the case, its cause number, the court in which it was brought, the names of the parties, and the result of the suit, including whether it was dismissed as frivolous or malicious. *Frey*, 2014 WL 1004494, at *2; *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (2). In addition, the affidavit or declaration must be accompanied by a certified copy of the inmate's trust account showing the balance at the time the action was filed and any activity in the account for the previous six months. *Frey*, 2014 WL 1004494, at *2; TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f). "These procedural prerequisites are designed 'to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome.'" *Frey*, 2014 WL 1004494, at *2 (quoting *Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied)).

If an inmate fails to comply with the requirement of Section 14.004, a court may assume that the present action is substantially similar to a previous one filed by the inmate. *Gowan*, 99 S.W.3d at 322 (citing *Clark*, 23 S.W.3d at 422). Therefore, when an inmate fails to file the affidavit or declaration required under Section 14.004(a), a court may dismiss it as frivolous under Section 14.003(a). *Gowan*, 99 S.W.3d at 321–22 (citing *Thomas v. Knight*, 52 S.W.3d 292, 293 n.2 (Tex. App.—Corpus Christi 2001, pet. denied)). Further, a court may dismiss an inmate action if the inmate fails to attach a certified copy of his trust account statement as required by Section

4

14.004(c). *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Thus, Shirley's failure to comply with the procedural requirements of Section 14.004 provides an independent basis for dismissal under Chapter 14. In their motion to dismiss, Butcher and the Department requested dismissal based on (1) Shirley's failure to comply with the requirements of Section 14.004; (2) the fact that Shirley's claims had no basis in law because (a) Shirley failed to allege facts showing a waiver of sovereign immunity for his state court action, (b) Shirley's Eighth Amendment claims have no basis in law under Fifth Circuit precedent, (c) Shirley failed to allege the discriminatory intent necessary to support his equal protection claim; and (3) Butcher has qualified immunity against Shirley's claims. The judgment of dismissal did not specify whether it was dismissing Shirley's action as frivolous under Chapter 14 because he failed to comply with the procedural requirements of Section 14.004, or because his claims had no basis in law or fact.

On appeal, the appellant must challenge all independent grounds supporting the judgment. *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If he does not do so, the appellate court will affirm the judgment of the trial court. *Gross*, 339 S.W.3d at 723; *Britton*, 95 S.W.3d at 681. In his brief, Shirley does not contest that he failed to comply with the requirements of Section 14.004, and does not challenge this ground for the dismissal of his action. Therefore, we overrule Shirley's points of error.

5

We affirm the judgment of the trial court.


Josh R. Morriss III
Chief Justice


Date Submitted:      March 2, 2017
Date Decided:        April 27, 2017