

# NUMBER 13-17-00464-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BOBBY HARTFIELD, JR.**
**TDCJ #1119719,**                                          **Appellant,**

**v.**

**WARDEN FURR, ET AL,**                                     **Appellees.**

---

### On appeal from the 36th District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Bobby Hartfield Jr., an inmate proceeding pro se and *in forma pauperis*,

appeals from a judgment dismissing with prejudice his suit against Warden C. Furr and

Medical Director K. Long, employees of the Texas Department of Criminal Justice—

Institutional Division. In the only cognizable issue that we find in Hartfield's brief,[1] he complains that the trial court abused its discretion under chapter 14 of the Texas Civil Practice and Remedies Code in dismissing his suit with prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (West, Westlaw through 2017 1st C.S.) (providing that a court may dismiss an inmate's claim, either before or after service of process, if the court finds any one of three factors). We modify the trial court's judgment and affirm it as modified.

## I. BACKGROUND

On March 24, 2017, Hartfield, an indigent inmate proceeding without counsel, sued Furr and Long, in their individual capacities, alleging what we construe to be a premises defect claim and seeking compensatory damages for injuries allegedly sustained when his foot got caught in a shower drain. Hartfield attached to his petition his: (1) affidavit relating to previous filings, which noted no previous filings; (2) unsworn declaration averring that the facts in his petition were true and correct; (3) Step 2 grievance form, which appeals the denial of his Step 1 grievance for injuries allegedly sustained by a shower drain; and (4) application to proceed *in forma pauperis* and a print out from Hartfield's prison trust account. A few days later, Hartfield filed with the trial court his Step 1 grievance, which alleges that his foot was injured after getting caught in the drain

---

[1] Hartfield's issues are: did the trial court abuse its discretion in dismissing his suit, when (1) it presented a cause of action recognized under Texas law; and (2) all requirements of chapter 14 were followed; (3) did the trial court convert an amicus curiae filed by the Texas Attorney General's Office into a summary judgment and resolve disputed facts in the process; and (4) did Hartfield's factual allegations raise a material issue under the Eighth Amendment? Construing Hartfield's briefing liberally, we find that his first two issues form the only issue that we deem cognizable. The argument accompanying Hartfield's third issue references only federal law governing summary judgment procedure. It is, accordingly, inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

2

and that prison personnel improperly denied his request to shower in the medical unit.

By written order, the trial court invited the Texas Attorney General's Office (the AG's Office) to file an amicus curiae advisory. The amicus curiae advisory filed by the AG's Office posited three grounds for dismissal under chapter 14. First, it alleges that Hartfield's suit was untimely because Hartfield's Step 2 grievance was overruled on November 8, 2016, and he filed suit outside the thirty-one day period required by chapter 14. *See id.* 14.005(b) (West, Westlaw through 2017 1st C.S.) ("A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system."). Second, it alleges that Hartfield's affidavit relating to previous filings omitted a suit he filed in 2002 in federal court. The AG's Office attached a docket sheet from Hartfield's 2002 federal suit noting that it had been dismissed for want of prosecution and for failure to comply with one of the federal court's orders. Third, it alleges that Hartfield's affidavit of poverty is false. Specifically, the AG's Office alleged that Hartfield "has received money from his aunt and his aunt's church" and that his "trust fund account statement shows a six-month deposit of $75.00, and his balance dropped from $29.35 to $0.09 just two months prior to filing this suit, showing that Hartfield could pay court costs if he really wanted to."

The trial court signed a final judgment that dismissed Hartfield's suit with prejudice as frivolous and for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code.

Within thirty days, Hartfield filed: (1) a "motion to alter of [sic] amend the judgment," which alerted the court to the filing of a motion for leave to file an amended

3

complaint and asserted that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can [sic] prove [a] set of facts in support of his claim . . . "; (2) a "motion to request leave of court to file amended complaint amending Hartfield's previous filing and affidavit of poverty," which asserted that he received his Step 2 grievance on December 5, 2016 (notwithstanding the notation that it was signed on November 8, 2016) and that he filed suit within thirty-one days; (3) an updated affidavit of poverty; and (4) an updated affidavit of previous filings acknowledging the 2002 federal court suit. In Hartfield's motion for leave, he pleaded that he "simply forgot" about the 2002 federal court suit and that he "never denied receiving money from his aunt and aunt's church" and that such funds were used for personal hygiene, cleaning supplies, writing materials, and other miscellaneous items.

The trial court did not sign any further orders, and Hartfield timely perfected an appeal to this Court.

## II. DISCUSSION

In what we construe as Hartfield's first issue, he complains that the trial court abused its discretion under chapter 14 of the Texas Civil Practice and Remedies Code in dismissing his suit with prejudice.

### A. Standard of Review

We review a dismissal under chapter 14 of the Texas Civil Practice and Remedies Code for abuse of discretion. *Jackson v. Tex. Dep't of Crim. Justice–Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or

4

principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it is proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990).

**B.    Applicable Law**

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West, Westlaw through 2017 1st C.S.); *see also id.* §§ 14.001–.014 (West, Westlaw through 2017 1st C.S.). A trial court may dismiss an inmate's claim, either before or after service of process, on any number of grounds. *See, e.g., id.* § 14.003(a); *see also id.* §§ 14.004–.006; *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14."). An appellant must attack all independent bases or grounds that fully support the complained-of ruling. *See Gross*, 339 S.W.3d at 723; *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

In this case, the trial court dismissed Hartfield's suit with prejudice. A dismissal of an inmate's suit with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex. App.—Corpus Christi 2001, pet. denied). As a result, such a dismissal has full *res judicata* and collateral estoppel effect which precludes subsequent litigation of the same causes of action between the parties. *Id.* A dismissal for failure to comply with the

5

conditions set out in chapter 14 is not a dismissal on the merits. *See id.* (providing that a dismissal for failure to satisfy section 14.004, regarding an affidavit or unsworn declaration of previously filed suits, is not a dismissal on the merits). If the inmate's error could be remedied through more specific pleading, then a dismissal with prejudice is improper. *Id.* at 296.

## C. Analysis

Hartfield argues that the trial court abused its discretion by dismissing his suit because he complied with chapter 14. We disagree. Two grounds for dismissal asserted in the amicus curie advisory to the trial court filed by the AG's Office substantiate dismissal without prejudice—not dismissal with prejudice. A third ground was simply not accepted by the trial court.

First, regarding the timeliness of Hartfield's suit, the record does not contain an affidavit or unsworn declaration stating the date that the Step 2 grievance was filed and when it was received by Hartfield. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). Hartfield's failure to satisfy this condition of chapter 14 may have served as a basis for the trial court to exercise its discretion and dismiss his suit. *See Gallagher*, 209 S.W.3d at 265; *see also Newby v. Cunningham*, No. 13-07-00613-CV, 2009 WL 620583, at *2–3 (Tex. App.—Corpus Christi Mar. 12, 2009, no pet.) (mem. op.) (holding that a trial court did not abuse its discretion by dismissing an inmate's suit under chapter 14 where the inmate failed to include the disposition of two previous suits).

Second, in Hartfield's "motion to request leave of court," he acknowledged not disclosing the 2002 federal suit. This too, may have served as a basis for the trial court

6

to exercise its discretion and dismiss his suit.  *See Gallagher*, 209 S.W.3d at 265; *see also Newby*, 2009 WL 620583, at *2–3.

Third, the contention that Hartfield's affidavit of poverty is false was not accepted by the trial court.  To dismiss a suit with prejudice under section 14.003(a)(3), the trial court must make a finding that the inmate filed an affidavit or unsworn declaration required by chapter 14 that the inmate knew was false.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(3).  The judgment in this case makes no such finding.

Hartfield's failure to file an affidavit or unsworn declaration regarding the date he received his Step 2 grievance and his failure to disclose the 2002 federal suit are failures to comply with the conditions set out in chapter 14, do not support dismissal with prejudice, and require modification to dismissal without prejudice.  *See Thomas*, 52 S.W.3d at 296; *see also Newby*, 2009 WL 620583, at *2–3.  Hartfield's only cognizable issue is sustained in part and overruled in part.[2]

### III. CONCLUSION

We modify the judgment to reflect that Hartfield's suit is dismissed "without prejudice."  We affirm the trial court's judgment as modified.

LETICIA HINOJOSA
Justice

Delivered and filed the
28th day of June, 2018.

---

[2] Hartfield's fourth issue, regarding the Eighth Amendment, is necessarily premised on the success of his first issue.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West, Westlaw through 2017 1st C.S.) (providing that chapter 14 applies to all inmate suits in which an affidavit or unsworn declaration of inability to pay costs is filed).  Therefore, we need not address it.  *See* TEX. R. APP. P. 47.1