

# NUMBER 13-20-00027-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROY E. ADDICKS JR.,                                                                    Appellant,

v.

BRYAN COLLIER, ET AL.,                                                                Appellees.

### On appeal from the 278th District Court
### of Walker County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria**

Pro se appellant Roy E. Addicks Jr. is an inmate housed in the Texas Department

of Criminal Justice-Institutional Division (TDCJ-ID) at the Estelle Unit in Huntsville, Texas.

Addicks brought suit pro se against appellees Bryan Collier, William Stephens, Wayne E.

Brewer, Tim Jones, Thomas Lyles, Kelli Ward, Shannon Kersh, Daniel Dickerson, K.

Smith, Jeanie Pagoda, Alicia Foley, Sarah Vessels, Demitrie Phopps, G. Jones, Ashley

N. Ransom, and J. Back, all employees of TDCJ-ID, in their individual capacities for violation of his civil rights, retaliation, and theft. *See* U.S. CONST. amend. I; 42 U.S.C.A. § 1983; TEX. CIV. PRAC. & REM. CODE ANN. § 134.002. The trial court dismissed Addicks's claims with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001–.014. By four issues, Addicks argues that the trial court erred by (1) dismissing his case based on a defective declaration of prior filings; (2) dismissing his case as frivolous; (3) assessing costs against Addicks before a final resolution of the suit; and (4) ordering Addicks's good time credit forfeited prior to a final order dismissing his suit as frivolous. We affirm.

## I. BACKGROUND[1]

On June 26, 2019, Addicks filed suit alleging that appellees, on various dates, confiscated his legal materials in retaliation for exercising his First Amendment right of access to courts. Addicks included an unsworn declaration of prior filings with his petition. He admitted that the declaration was not complete, but he argued that he could not submit a completed declaration of prior filings because his legal materials had been confiscated.

On September 3, 2019, the Office of the Attorney General (OAG) filed an amicus curiae advisory opining that Addicks had failed to meet the procedural requirements of Chapter 14 by failing to submit a complete declaration of prior filings. According to the OAG, the suit was also frivolous as a matter of law. Accordingly, the OAG recommended that the court dismiss the case. *See id.* §§ 14.003–.005. On November 19, 2019, the trial court dismissed Addicks's claims with prejudice "as frivolous." This appeal ensued.

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

## II. Discussion

### A. Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Jackson v. Tex. Dep't of Crim. Justice—Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules. *Brewer v. Collins*, 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no writ). However, we review the specific issue of whether a suit has an arguable basis in law de novo. *See Moreland*, 95 S.W.3d at 394.

### B. Applicable Law

A trial court may dismiss an inmate's claim, either before or after service of process, on any number of grounds. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.006; *see also Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14."). Trial courts have broad discretion in dismissing a case under Chapter 14 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

A trial court may dismiss an inmate's claim as frivolous or malicious under Chapter 14 based on the following factors: the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2); *see Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Fernandez v. Tex. Dep't of Crim. Justice*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.) (quoting *Hamilton*, 298 S.W.3d at 339). For example, a case barred by sovereign immunity has no arguable basis in law and renders a lawsuit frivolous under Chapter 14. *See Hamilton v. Pechacek*, 319 S.W.3d 801, 811 (Tex. App.—Fort Worth 2010, no pet.); *see also McCray v. Langehenning*, No. 13-07-00143-CV, 2008 WL 3906395, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2008, no pet.) (mem. op.). Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct. *See Fernandez*, 341 S.W.3d at 13. However, if the claim has no arguable basis in law, then dismissal with prejudice is proper. *Id.*

## C. Analysis

We first address Addicks's second issue because it is dispositive. *See* TEX. R. APP. P. 47.1. In his second issue, Addicks asserts that the trial court erred by dismissing his suit on the basis that his claims were frivolous. Addicks's claims against appellees in their personal capacities are ostensibly based on the allegation that appellees took his

4

personal property, i.e., legal materials. However, under § 101.106 of the Texas Tort Claims Act,

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). In other words, a suit is completely foreclosed against a government employee when sued in his individual capacity if he is acting within the scope of his employment. *See Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). In *Franka*, the Texas Supreme Court held that a case is considered against an employee within his or her official capacity if: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the Tort Claims Act against the agency. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

Addicks does not dispute, and it is clear from the record, that the appellees are employees of a governmental unit. *See Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.). As to the second *Franka* prong, the Texas Tort Claims Act defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). Scope of employment "extends to job duties to which the official has been assigned, even if the official errs in completing the task."

5

*Lopez*, 414 S.W.3d at 894. We find it clear from the record that the appellees were acting within the scope of their employment when they allegedly committed the acts complained of by Addicks in his lawsuit. *See id*. (concluding, where the inmate alleged that the defendants committed theft by taking money from his inmate trust fund account, that the TDCJ-ID employees were acting within the scope of their employment); *see also Hoffman v. Muro*, No. 13-18-00361-CV, 2019 WL 2529036, at *1 (Tex. App.—Corpus Christi–Edinburg June 20, 2019, no pet.) (mem. op.) (concluding that the TDCJ-ID employees were acting within the scope of their employment when they allegedly confiscated the inmate's legal materials).

We also conclude that the third *Franka* prong is satisfied. "In *Franka*, the supreme court held that if a state employee is alleged to have committed negligence or other 'wrongful conduct' in the general scope of employment, then the suit is subject to [§] 101.106(f) because it could have been brought against the state agency." *Lopez*, 414 S.W.3d at 895. This applies to both unintentional torts, such as negligence, and intentional torts, such as theft. *See id.* (holding that a suit for theft against TDCJ-ID employees satisfied the third *Franka* prong). Thus, even though Addicks nominally sued appellees in their individual capacities, his suit is considered to be brought against appellees in their official capacities only under § 101.106(f), and appellees were entitled to dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).[2] Because Addicks's

---

[2] Under § 101.106(f), the proper defendant for Addicks's claims would have been TDCJ-ID, but those claims would be barred by sovereign immunity. See TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Lopez v. Serna*, 414 S.W.3d 890, 896 (Tex. App.—San Antonio 2013, no pet.) (observing that inmate's suit for theft against TDCJ-ID employees would be barred by sovereign immunity because "[t]here is no waiver of immunity under the Texas Theft Liability Act, and the Texas Tort Claims Act expressly does not waive immunity for intentional torts").

6

claims had no basis in law, it was proper to dismiss his suit with prejudice. *See Lopez*, 414 S.W.3d at 896; *Fernandez*, 341 S.W.3d at 13; *Hamilton,* 298 S.W.3d at 339. We overrule Addicks's second issue.

Because we find that Addicks's claims are frivolous and have no arguable basis in law, we need not address his first issue concerning his unsworn declaration of prior filings. *See* TEX. R. APP. P. 47.1. Additionally, Addicks concedes that his third and fourth issues are moot if we affirm the trial court's dismissal of the case. Because we have overruled his second issue and affirmed the trial court's dismissal, we need not address his third and fourth issues. *See id.*

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed on the
6th day of May, 2021.

7